BLD-132                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1043
_____

UNITED STATES OF AMERICA

v.

ERIC HAYES a/k/a International Ross a/k/a Ross,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:05-cr-00443-009)
District Judge:  Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2025

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: May 13, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eric Hayes appeals pro se from the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. We will grant the motion.

In 2007, following a federal jury trial, Hayes was convicted of conspiracy to commit various sex trafficking offenses. The following year he was sentenced to 420 months in prison. We later affirmed his conviction and sentence. He subsequently filed a petition under 28 U.S.C. § 2255. The District Court denied the petition and we later denied his request for a certificate of appealability.

In 2024, Hayes filed a pro se motion for compassionate release and reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The District Court appointed counsel, who then filed a supporting brief. The motion requests a reduction in Hayes' sentence due to "(1) his unusually long sentence resulting in sentencing disparity because of the changes in the law; (2) his exigent family circumstances; (3) his post sentencing rehabilitation; and (4) the harsh conditions he has endured because of the COVID-19 pandemic." ECF No. 2411 at 5. The District Court denied the motion, reasoning that Hayes failed to establish extraordinary and compelling reasons for compassionate release and, even if he had, the sentencing factors under 18 U.S.C. § 3553(a) counseled against granting the motion. Hayes timely appealed, and the Government has moved for summary affirmance.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including

2

its determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (cleaned up). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate-release provision states that a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant. See id. § 3553(a). Compassionate release is discretionary, not mandatory. Therefore, even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330.

3

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against a grant of compassionate release.[1] In doing so, the District Court appropriately considered that Hayes' sentence was "based on his leadership role in an extensive criminal network that employed threats and extreme violence to force vulnerable young victims to prostitute themselves for the benefit of Hayes and his partners." ECF No. 2418 at 3. It further determined that Hayes' sentence "is necessary to protect the public, promote respect for the law, and provide appropriate punishment." Id.

Hayes argues that the District Court abused its discretion when it failed to consider his low risk of recidivism and the significant evidence of his rehabilitation during his 18 years of incarceration. But the District Court did consider his rehabilitative efforts, albeit more explicitly as part of its analysis regarding Hayes' proffered "extraordinary and compelling reasons." And even considering both points, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (citation omitted).

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

[1] Based on this conclusion, we need not decide whether Hayes demonstrated "extraordinary and compelling reasons" for his release.